Foster, P. J.
This is a proceeding under article 78 of the Civil Practice Act to review a determination and order of the Public Service Commission which directed the Utica Transit Corporation, petitioner herein, to furnish bus service between its present terminus in the village of Clinton, New York, and the Hamilton College campus, a distance of about one and one-half miles.
Petitioner is a reorganized street railway corporation, which furnishes transportation wholly by omnibuses in substitution for street cars, pursuant to section 50-a of the Public Service Law. One of its lines runs from the Union Station in the city of Utica to the incorporated village of Clinton in the town of Kirkland, Oneida County, a distance of 9.35 miles. Its terminus at Clinton is near the center of the village, adjacent to a small park. Hamilton College is located on a hill west of the village limits, and approximately 1.5 miles from the terminus mentioned. The college is also about 10.86 miles from the nearest railroad.
*466 Prior to an order for temporary service between May and October, 1949, petitioner furnished no bus service between its terminus in Clinton and Hamilton College. This period of temporary service was ordered for the purpose of obtaining information and as a basis for future action by the commission. Further hearings were held and thereafter a final order was made by the commission directing petitioner to extend its bus service, with some minor exceptions, from its terminus in the village of Clinton to the grounds of Hamilton College, except between June 15th and September 15th of each year. Petitioner was authorized to operate such route in connection and in conjunction with its existing routes. This order is challenged by petitioner on the grounds that it is an unconstitutional and unreasonable exercise of authority by the commission.
Under the ground of unreasonableness petitioner charges specifically there is no necessity for service on the extension; that the route is too hazardous for safe operation. These charges involve issues of fact, concerning which the record reveals conflicting evidence. We cannot say that the determination of the commission with respect to these matters is not supported by substantial evidence, and hence there is no basis for judicial interference (People ex rel. New York & Queens Gas Co. v. McCall, 219 N. Y. 84; Matter of Park East Land Corp. v. Finkelstein, 299 N. Y. 70).
The contention that the order under review is repugnant to constitutional principles is based on the theory that the extension directed is a new venture beyond petitioner’s commitments, and is confiscatory. Petitioner relies upon those cases which have held that regulatory bodies, such as the Interstate Commerce Commission or a. State Public Service Commission, may not require the extension of existing lines beyond the scope of a carrier’s commitment to the public service, because such a requirement would constitute the taking of property in violation of the due process clause of the Federal Constitution (Interstate Commerce Comm. v. Oregon-Washington R. R. Navigation Co., 288 U. S. 14; Atchison, Topeka & Santa Fe R. R. v. Railroad Comm, of California, 173 Cal. 577; Hollywood Chamber of Commerce v. Railroad Comm, of California, 192 Cal. 307). This principle is recognized by all of the parties to this proceeding, but it is pointed out that the cases cited mark a distinction between a new venture beyond the commitment of a carrier for public service and the mere extension of a service within an area which the carrier has committed itself to serve. Therein, we think, lies the answer to the constitutional issue raised in this proceeding.
*467 Statutory authority for the commission to modify the routes or stated termini of an omnibus corporation is found in subdivision 13 of section 61 and sections 63-a and 63-b of the Public Service Law; and petitioner, having substituted buses for street cars in accordance with section 50-a of the same law, is an omnibus corporation and governed by those statutory sections (Matter of City of Rochester v. Public Service Comm., 275 App. Div. 172). Petitioner argues that the statutory sections cited must be so construed so as to limit the power of the commission within the constitutional principle we have stated, or else the statute itself violates the due process clause. Doubtless this is so, and hence the query arises whether the order of the commission is within the distinction noted.
Although no specific finding was made by the commission on this subject, except as it approved the hearing examiner’s report, there is inherent in the very nature of its determination the conclusion that the extension directed was not a new venture, but rather an extension of service within an area which petitioner was already committed to serve. And we think there are sufficient facts established by the record to justify the commission’s conclusion. Petitioner narrowly construes its obligation to serve the public only within the precise limits of the village of Clinton. The commission takes the broader view that 'Hamilton College and the short intervening territory are a part of the so-called community of Clinton, and within the area which petitioner is committed to serve. The hearing examiner so found, and the record sustains the conclusion that from a geographic and economic viewpoint the entire area involved should be treated as one community. Indeed it may be said that in the public mind the village of Clinton and Hamilton College are regarded as a single community. The proof indicates that, from either a business or social viewpoint, it would be illogical to treat them as separate communities. Since it is petitioner’s obligation to serve this area there is no constitutional inhibition against the commission’s order for extension of service therein.
The fact that petitioner has no local franchise to go beyond the center of Clinton village is not decisive of any issue here. It affirmatively appears that neither the town of Kirkland nor the village of Clinton has adopted a resolution requiring consent of the local authorities for the operation of an omnibus line (Transportation Corporations Law, §§ 66, 67). Hence the only franchise required for the operation of the extension ordered is the commission’s certificate of public convenience and necessity.
*468 The issue of confiscation is prematurely raised. It is not apparent that the commission made any inquiry or determination as to a fair return from petitioner’s overall operations, nor did it have the duty to do so in a case involving a comparatively short extension of a bus line. If there is a justifiable need for an increase in rates in order that petitioner may obtain a fair return from its bus service as a whole the commission has power to grant relief in a proper proceeding. Besides this, there is testimony in the record that the extension could be operated in such a manner that the operational losses on the entire Clinton route would be reduced and petitioner’s financial condition thus improved.
The determination of the commission should be confirmed, with $50 costs and disbursements.
Bbewstee, Beto, Bebgan and Coon, JJ., concur.
Determination of the commission confirmed, with $50 costs and disbursements.